## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., A NEVADA NON-PROFIT CORPORATION,<br><br>Appellant,<br><br>vs.<br><br>NEVADA GYPSUM FLOORS, INC.; AND KUKURIN CONCRETE, INC.,<br><br>Respondents. | No. 73149 |
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., A NEVADA NON-PROFIT CORPORATION, A NEVADA NON-PROFIT CORPORATION,<br><br>Appellant,<br><br>vs.<br><br>NEVADA GYPSUM FLOORS, INC.; AND KUKURIN CONCRETE, INC.,<br><br>Respondents. | No. 73950<br><br>**FILED**<br><br>JAN 3 1 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

### *ORDER DISMISSING APPEALS AND VACATING CONDITIONAL SANCTIONS*

These are consolidated appeals from a findings of fact, conclusions of law and judgment and an order regarding costs. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

On October 29, 2018, pursuant to the parties' stipulations, this court entered an order dismissing the last remaining respondents except Nevada Gypsum Floors, Inc. and Kukurin Concrete, Inc., and stating that the appeals would proceed as to these respondents. Appellant was directed

19-04839

to file and serve the opening brief and appendix within 11 days. Appellant did not comply or otherwise communicate with this court. On December 10, 2018, this court ordered appellant to file and serve the opening brief and appendix within 11 days or face sanctions. Appellant did not comply or otherwise communicate with this court. Thus, on January 18, 2019, this court entered an order imposing conditional sanctions on counsel for appellant for his failure to file the opening brief and appendix.

Counsel has now filed a "Notice/Clarification of Global Settlement." Counsel implies that Nevada Gypsum Floors and Kukurin Concrete should have been included in the dismissal order entered on October 29, 2018, because they were included in a global settlement agreement. Counsel also states that appellant has never had any claims against Nevada Gypsum Floors or Kukurin Concrete, either in the district court or this court. Finally, counsel requests that this court withdraw its conditional sanction order.

Counsel named Nevada Gypsum Floors and Kukurin Concrete as respondents in the case appeal statements in both appeals and served both notices of appeal on these parties. Accordingly, they have both been named respondents to these appeals from their inception. At no point during the appellate proceedings did counsel for appellant indicate that these parties were incorrectly identified as respondents. Nevada Gypsum Floors and Kukurin Concrete were not dismissed in the October 29, 2018, order because appellant did not seek their dismissal in the October 17, 2018, stipulation to dismiss, or any other stipulation to dismiss.

Nevertheless, it appears from counsel's notice that appellant does not wish to proceed with these appeals against Nevada Gypsum Floors or Kukurin Concrete. Accordingly, these appeals are dismissed. This court

declines to vacate the January 18, 2019, conditional sanction order but hereby vacates the sanctions imposed therein.

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                                    Silver

cc:    Hon. Susan Johnson, District Judge
Eleissa C. Lavelle, Settlement Judge
Robbins Law Firm
Law Offices of Terry L. Wike
Brown, Bonn & Friedman, LLP
Murchison & Cumming, LLC/Las Vegas
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
The Marks Law Group, LLP
Wolfe & Wyman LLP
Cisneros & Marias
Helm & Associates
Grant & Associates
Messner Reeves LLP
Cooper Levenson, P.A.
Lincoln, Gustafson & Cercos
Parker, Nelson & Associates
Fredrickson, Mazeika & Grant
Supreme Court Law Librarian
Eighth District Court Clerk